**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ERVIN DUNCAN,

       Plaintiff,

vs.                                        Case No. 3:07-cv-751-J-HTS

MICHAEL ASTRUE,
Commissioner of
Social Security,

       Defendant.

---

**OPINION AND ORDER**[1]

**I. Status**

Ervin Eugene Duncan is appealing the Social Security Administration's denial of his claim for Supplemental Security Income. His alleged inability to work is based on diabetes and vision problems. Transcript of Administrative Proceedings (Tr.) at 64. Plaintiff was ultimately found not disabled by Administrative Law Judge (ALJ) Stephen C. Calvarese in a Decision entered on July 26, 2006. *Id.* at 18, 26-27. Claimant has exhausted the available administrative remedies and the case is properly before the Court. Through the Memorandum in Support of Plaintiff's Appeal of the Commissioner's Decision (Doc. #16; Memorandum), he argues the judge

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. Notice, Consent, and Order of Reference - Exercise of Jurisdiction by a United States Magistrate Judge (Doc. #15).

failed to "properly evaluate[] and consider[] the medical opinions regarding the severity of [his] mental impairments and his resulting functional limitations[.]" Memorandum at 1, 12 (emphasis omitted).

## II. Legal Standard

This Court reviews the Commissioner's final decision as to disability[2] pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Whereas no special deference is accorded the application of legal principles, findings of fact "are conclusive if supported by 'substantial evidence[.]'" *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (quoting *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)). Substantial evidence has been defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Falge*, 150 F.3d at 1322 (quoting *Richardson v. Perales*, 402 U.S. 389 (1971)); *see also Ingram*, 496 F.3d at 1260. Despite the existence of support in the record, the ALJ's determination may not be insulated from remand

---

[2] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); *see* 42 U.S.C. § 1382c(a)(3)(A). An ALJ must follow the five-step sequential inquiry described in 20 C.F.R. §§ 404.1520, 416.920, determining as appropriate whether the claimant 1) is currently employed; 2) has a severe impairment; 3) is disabled due to an impairment meeting or equaling one listed in the regulations; 4) can perform past work; and 5) retains the ability to perform any work in the national economy. *See also Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004).

where there is a "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted[.]" *Ingram*, 496 F.3d at 1260 (internal quotation marks omitted); *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

### III. Discussion

According to Mr. Duncan, "[t]he ALJ failed to explain why he ignored the opinion of [examining] Dr. [Lauren] Lucas that [he] was limited in his ability to perform routine repetitive tasks and get along with co-workers and supervisors despite stating that he provided 'great weight' to her opinions." Memorandum at 12. Additionally, he claims the judge "failed to properly support his determination that the opinion of Ms. [J. A.] Ozan, the physician assistant who treated [him] for mental impairments, was entitled to 'little weight.'" *Id.*

**A. Psychologist**

Several factors govern the analysis of information from nontreating[3] sources. As an initial matter, it is noted examining doctors' opinions are not entitled to deference. *See McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987) (per curiam); *see also*

---

[3] "Nontreating source means a physician, psychologist, or other acceptable medical source who has [performed an] examin[ation] but does not have, or did not have, an ongoing treatment relationship with [the claimant]." 20 C.F.R. §§ 404.1502, 416.902 (emphasis omitted).

*Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1160 (11th Cir. 2004) (per curiam). However, the ALJ is required to consider every medical opinion that is in evidence. *See* 20 C.F.R. §§ 404.1527(d), 416.927(d). Unless a treating source is given controlling weight, an opinion should be evaluated by examining such factors as: (1) length and frequency of treatment (if any), (2) nature and extent of the relationship, (3) supportability, (4) consistency, and (5) specialization. *See id.* §§ 404.1527(d)(2)-(6), 416.927(d)(2)-(6).

In a report dated October 27, 2004, Dr. Lucas opined Claimant "is probably marginally competent to perform a routine repetitive task and to appreciate the need for appropriate relations among co-workers and supervisors." Tr. at 185. Mr. Duncan argues this opinion is clearly inconsistent with the ALJ's findings, and thus the judge should have explained his rejection thereof. Memorandum at 13. Yet, even assuming the judge intended to accept every definite, relevant opinion from Dr. Lucas, her speculation that Claimant "probably" is only marginally competent in certain areas is not a finding capable of adoption. Accordingly, the ALJ will not be faulted for failing to include it in his determination of functional limitations.

**B. Physician Assistant**

Emphasizing "Ms. Ozan was the only medical provider offering an opinion who treated [him] or saw him on more than one

- 4 -

occasion[,]" *id.* at 15, Plaintiff argues the ALJ inadequately explained his rejection of "her opinions contained on the [Mental Residual Functional Capacity] Questionnaire" by failing "to reference the actual inconsistencies with Ms. Ozan's progress notes or point [out] what exact evidence of record was inconsistent with her opinions." *Id.* at 14.

"Although [an] ALJ need not discuss all of the evidence in the record, he may not ignore evidence that does not support his decision . . . ." *Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001). Rather, the judge "must explain why significant probative evidence has been rejected." *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (per curiam) (internal quotation marks omitted); *see also Haga v. Astrue*, 482 F.3d 1205, 1207 (10th Cir. 2007).

Pursuant to the regulations, a physician assistant is not considered an acceptable medical source. *See* 20 C.F.R. §§ 404.1513(a), 416.913(a). Still, "evidence from other sources" such as physician assistants may be used "to show the severity of [a claimant's] impairment(s) and how it affects [his/her] ability to" engage in work-related activities. *Id.* §§ 404.1513(d), 416.913(d). The opinions of a physician assistant constitute "evidence to be considered on the record as a whole." *Gramlisch v. Barnhart*, 464 F. Supp. 2d 876, 881 (E.D. Mo. 2006). An "ALJ is not free to

disregard the opinions of health care professionals simply because they are not medical doctors." *O'Connor v. Barnhart*, No. C03-3081-MWB, 2004 WL 2192730, at *5 (N.D. Iowa Sept. 28, 2004); *see also* SSR 06-03p ("Opinions from . . . medical sources . . . not technically deemed 'acceptable medical sources' . . . are important and should be evaluated on key issues . . . ."); *cf. Reliford v. Barnhart*, 444 F. Supp. 2d 1182, 1188 (N.D. Ala. 2006) ("improper and unreasonable" for ALJ to reject opinions of treating physical therapist due to his not being acceptable medical source); *Miles v. Barnhart*, 410 F. Supp. 2d 1113, 1116-17 (N.D. Ala. 2006) (rejection of treating therapist "as a medical source" erroneous, as such a provider is qualified under the regulations to comment on a condition's severity and effect on ability to work). "[D]epending on the particular facts in a case, and after applying the factors for weighing opinion evidence, an opinion from a medical source who is not an 'acceptable medical source'" can even "outweigh the opinion of an 'acceptable medical source,' including the medical opinion of a treating source."  SSR 06-03p.

The judge addressed Ms. Ozan's "opinion[,]" but "g[ave] it little weight[.]"  Tr. at 25.  He stated "that [Ms.] Ozan has been treating the claimant since September of 2004; however, her opinion dated January 19, 2006, is not consistent with her own progress notes.   Furthermore,  [her]  opinion  is  inconsistent  with  the

evidence of record when considered in its entirety." *Id.* Unfortunately, the ALJ did not elaborate further or identify the alleged inconsistencies. Due to the lack of adequate explanation and analysis in the Decision, the Court is unable to discern what exactly the ALJ relied on in reaching his conclusion that significant probative evidence should be rejected. *Cf., e.g., Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004) (stating "[t]he ALJ sufficiently identified the inconsistencies" in rejecting the opinions of a nurse and a physician); *Ramirez v. Astrue*, No. 1:06-cv-001257-AWI-SMS, 2008 WL 256563, at *11 (E.D. Cal. Jan. 30, 2008) (findings and recommendations of magistrate judge) ("[A]n ALJ must explicitly reject the opinion and set forth specific reasons . . . sufficient . . . to permit intelligent judicial review[.]"); *Morrison v. Barnhart*, 278 F. Supp. 2d 1331, 1336 (M.D. Fla. 2003) (statement that treating physician opinion is inconsistent with record as a whole, including the doctor's own examination findings, "is too general to permit meaningful judicial review"). On remand, Ms. Ozan's opinions must be re-evaluated and, if they are again rejected, the evidence supporting this conclusion should be discussed.

## IV. Conclusion

In accordance with the foregoing, the Clerk of the Court is directed to enter a judgment pursuant to sentence four of 42 U.S.C.

§ 405(g), as incorporated by 42 U.S.C. § 1383(c)(3), **REVERSING** the Commissioner's decision with instructions to 1) re-evaluate Ms. Ozan's opinions and, if they are again rejected, discuss the specific evidence supporting this conclusion; and 2) conduct any further proceedings deemed proper.

**DONE AND ORDERED** at Jacksonville, Florida, this 29th day of April, 2008.

>                    /s/         Howard T. Snyder
>                    HOWARD T. SNYDER
>                    UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
    and pro se parties, if any